**CITY OF LAUREL et al. v. MISSISSIPPI GAS CO.**

No. 6130.

Circuit Court of Appeals, Fifth Circuit. April 27, 1931.

Ellis B. Cooper, Henry Hilbun, and Jeff Collins, all of Laurel, Miss., for appellants.

J. H. Thompson, of Jackson, Miss., and Forney Johnston, of Birmingham, Ala. (Robert H. Thompson, of Jackson, Miss., White & Case and Lowell Wadmond, all of New York City, and Cabaniss & Johnston, of Birmingham, Ala., on the brief), for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a decree granting a temporary injunction against the city of Laurel to restrain it from interfering with the distribution of natural gas by appellee, the Mississippi Gas Company.

There is no dispute as to the material facts. The gas company is the owner of a franchise, not exclusive, the material part of which is as follows: "That the said grantee shall be and it is hereby granted a franchise for a period of 25 years from date of the acceptance of this ordinance as hereinafter provided, with full right, power and authority to establish, construct, maintain, extend and operate a plant of machinery, mains, pipes and other apparatus and appliances within the corporate limits of the City of Laurel, State of Mississippi, for the purpose of generating and furnishing to the City of Laurel, and its inhabitants, gas for light, heat and other purposes, and for such purpose to enter upon and use the streets, avenues, highways and alleys, and public grounds of said City of Laurel, and lay, maintain, operate, repair and extend thereon, thru and thereunder, such mains, pipes, apparatus, and appliances as may be necessary and proper subject to the terms and conditions hereinafter provided."

For a number of years the gas company has been supplying the city of Laurel and its inhabitants with artificial gas and has laid its mains and pipes in the streets of that city. The franchise has a number of years to run. Recently, before the bill was filed, the gas company made arrangements to secure a supply of natural gas, and thereupon entered into a contract with the Masonite Corporation to supply it with natural gas at the latter's plant. This required the laying of about two miles of pipe, some through the streets of the city. The city of Laurel, through its mayor and commissioners, declined to permit the laying of this additional pipe until the gas company secured a new franchise or entered into an agreement reducing its rates for gas. The gas company has an investment of about $200,000, and the maximum rates to be charged the consumers are fixed by the terms of the franchise.

The sole question presented on this appeal is whether the gas company has the right to distribute natural gas through its existing system and to extend that system under the provisions of its franchise.

Of course, a public franchise is to be construed in favor of the public, but nevertheless it must be given a just and reasonable construction. Russell v. Sebastian, 233 U. S. 195, 34 S. Ct. 517, 58 L. Ed. 912, Ann. Cas. 1914A, 152. It is contended by the city that the provisions of the franchise for the erection and maintenance of a plant for the manufacture of artificial gas require a construction that the company was restricted to the distribution of that kind of gas and exclude any right to distribute natural gas. Such construction would not be in favor of the people of Laurel. The main object to be achieved was the supplying of gas for heating and lighting. It may well be that natural gas is both better and cheaper. It is merely incidental to the furnishing of gas that it be first manufactured. If nature performs that function, it would be a reasonable construction of the franchise that the right to furnish gas to the city of Laurel includes the furnishing of natural gas. If that is done, the right to generate the gas then becomes incidental and immaterial.

It is contended by the gas company that the natural gas to be supplied would have greater value in heat units and at the same

price would be to the advantage of the consumer. Whether this is true is immaterial. The city of Laurel has the right to prescribe just and reasonable rates for gas, provided they do not impair the obligation of any valid existing contract. Section 2426, Mississippi Code of 1930. No doubt this authority is ample to protect the city and its citizens against unfair rates. However, as that question does not arise on this appeal, we will refrain from so deciding.

It is unnecessary to review the authorities cited by either side. They are somewhat in conflict, but none of them is controlling or persuasive to a different conclusion than that above expressed. It is clear that the city of Laurel and its inhabitants can suffer no damage by the issuance of the injunction, pending a final determination on the merits, while on the other hand the gas company will be greatly damaged if it is prevented from carrying out its contract with the Masonite Company. There was no abuse of discretion in granting the interlocutory injunction.

The record presents no reversible error. Affirmed.